RECEIVED
IN LAKE CHARLES, LA

AUG - 1 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GREGORIO MACHADO | : | DOCKET NO. 06cv 1276 |
| VS. | : | JUDGE MINALDI |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Before the court are the following motions filed by petitioner Gregorio Machado: Motion for Reconsideration [doc. 43], Motion for Leave to Supplement Reply [doc. 47], Motion to Expedite [doc. 48], and Motion for Leave to File Second Supplement [doc. 50]. The Government has filed replies to the Motion for Reconsideration and the Motion to Expedite.

By his several motions, Machado seeks reconsideration of the court's April 24, 2007 Judgement denying his petition for writ of *habeas corpus*. Machado's petition was denied on the grounds that there appeared to be a significant likelihood of removal in the reasonably foreseeable future. Machado, however, avers that since the court's April 24 Judgment, Venezuela has refused to issue travel documents and it is therefore unlikely that he will be removed in the foreseeable future.

In its June 29, 2007 response, the Government states that Machado was served on June 27, 2007 with a copy of a notification from the Office of Detention and Removal Operations that he was to be released from detention under an order of supervision. One of the conditions of his supervised release is the posting of a bond in the amount of $3,000. As the Government correctly notes, courts

have found that a bond is within the kinds of conditions contemplated by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 700, 121 S.Ct. 2491, 2504 (2001) ("[T]he alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions."); *see also Shokeh v. Thompson*, 369 F.3d 865, 870-71 (5th Cir. 2004), *vacated as moot by*, 375 F.3d 351 (5th Cir. 2004).

However, a bond that has the effect of preventing an alien's release because of inability to pay and that results in potentially permanent detention is unreasonable. *See Doan v. I.N.S.*, 311 F.3d 1160, 1162 (9th Cir. 2002); *Shokeh*, 369 F.3d at 872 (citing *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018 (1970)). A bond which is a condition of release must be reasonable and "appropriate in the circumstances." *Shokeh*, 369 F.3d at 872. In the instant case, the bond has not been challenged as unreasonable or inappropriate. Thus, there is no reason for the court to presume that a $3,000 bond is unreasonable or will result in Machado's permanent detention.

Accordingly, IT IS ORDERED that the petitioner's Motion for Reconsideration [doc. 43] is hereby DENIED as moot.

As for Machado's Motion for Leave to Supplement Reply [doc. 47], Motion to Expedite [doc. 48], and Motion for Leave to File Second Supplement [doc. 50], IT IS ORDERED that these motions are hereby GRANTED. However, in the event that Mr. Machado petitions the court in the future, he is cautioned against filing repetitious pleadings.

Lake Charles, Louisiana, this 31 day of July, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE